PER CURIAM.
C.W.G. petitions this Court for review of the recommendation of the Florida Board of Bar Examiners that his application for admission to The Florida Bar be denied. We have jurisdiction under article V, section 15 of the Florida Constitution.
C.W.G., a member of the California Bar in good standing, successfully completed-the Florida Bar Examination in 1991. The Board’s background investigation revealed information adverse to C.W.G.’s fitness which prompted further inquiry.
C.W.G. filed amendments providing requested documents and further explanation to the Board. After an investigative hearing and a subsequent formal hearing, the Board found the following specifications, in the aggregate, to be disqualifying.[1]
(1) Four malpractice suits were filed against C.W.G., each resulting in settlement. The allegations included negligence in the preparation of a lien, failure to commence an action within the statute of limitations, failure to advise clients of or file a loss of consortium claim, and associating another firm without the clients’ consent. The Board found these suits exhibited a pattern of conduct in which C.W.G. failed in the proper and effective representation of his clients, reflecting on his fitness as an attorney.
(2) As admitted by C.W.G., between 1984 and 1989, eight attorney grievance complaints were filed against C.W.G. with the State Bar of California. Consequently, the California Bar admonished C.W.G. in 1985 for improperly communicating with an adverse party and warned him in April 1991 for inappropriately associating another attorney without the prior informed consent of his client.
(4) On his Florida Bar application, C.W.G. replied he did not have adequate records to fully respond concerning all suits to which he had been a party, but would later amend the application. Despite subsequent amendments, C.W.G. failed to timely disclose two suits until more than one year after filing his application.
The Board found C.W.G.’s explanation for his untimely revelation of the two suits unworthy of belief. One of the suits was a malpractice suit which had been settled only a month before C.W.G. filed his application. He ultimately admitted that the other suit had caused him aggravation and had required him legal research and an appearance in court. He revealed both of these suits only after the Board’s notice of an investigative hearing to discuss the suits to which he had been a party. The Board found these omissions to be a withholding of material facts. The Board observed that C.W.G.’s credibility, during his testimony, was lessened by his demeanor, including the manner in which he answered questions and the time he took to answer them.
(5) C.W.G. conducted himself in an unprofessional manner in dealing with a Mr. Warren. In exchange for a lien executed by C.W.G., Warren agreed to defer collection of rent owed by C.W.G.’s client until the client’s unrelated personal injury matter was settled. Warren contacted C.W.G. six and twelve months after execution of the lien to ask about the settlement. Both times C.W.G. told Warren there had been no change in the status of the suit. Eighteen months after execution of the lien Warren learned, independent of C.W.G., the suit had been settled. Although the settlement was insufficient to cover the lien, it was enough to pay some medical bills and C.W.G.’s attorney’s fees. C.W.G. satisfied the obligation to Warren only after entry of a judgment against him. C.W.G. admitted to the Board that he failed to inform Warren of the settlement and *305 that it was insufficient to satisfy Warren’s lien.
Despite C.W.G.’s contrary assertions, the Board’s findings are fully supported by the record. As in the case of any trier of fact, the Board may rely upon circumstantial evidence. Additionally, C.W.G. offered only weak excuses for his past legal mistakes. More importantly, the Board concluded that C.W.G.’s omissions on his application and his equivocal testimony raised substantial doubts about his truthfulness and integrity. Further, the Board concluded that C.W.G.’s supporting evidence failed to overcome the concerns raised as to his character and fitness to practice law in this state.
We conclude that the proven specifications, when viewed in the aggregate, are disqualifying for admission to the Florida Bar. It should be noted that a rejection of admission to the Bar is not the equivalent to disbarment. Upon a showing of rehabilitation, C.W.G. may reapply for admission after two years from the date of the Board’s adverse recommendation. We therefore approve the Board’s findings and recommendation and deny C.W.G.’s petition for admission to the Florida Bar.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. Specification (3) was withdrawn prior to the formal hearing.