630 So.2d 1046 (1994)
In re FLORIDA BOARD OF BAR EXAMINERS RE: E.R.M.
No. 81985.
Supreme Court of Florida.
January 13, 1994.
Richard A. Greenberg, Tallahassee, for petitioner.
Dana G. Bradford II, Chairman; John H. Moore, Executive Director and Thomas A. Pobjecky, Gen. Counsel, Florida Bd. of Bar Examiners, Tallahassee, for respondent.
PER CURIAM.
E.R.M. petitions the Court for review of the recommendation of the Florida Board of Bar Examiners that his application for admission to The Florida Bar be denied. We *1047 have jurisdiction under article V, section 15 of the Florida Constitution.
E.R.M. is a member of the New York State Bar who seeks admission to The Florida Bar. Following a formal hearing, the Board found that certain specifications which are summarized below had been proven:
1(A). E.R.M. was getting divorced and the court had ordered that the marital property be distributed in a certain fashion. At the investigative hearing, E.R.M. was questioned about some marital property in the Cayman Islands. He testified that he had signed a deed to the Cayman house and sent it to his wife. E.R.M.'s testimony was false, misleading, or lacking in candor in that he had not signed a deed to the Cayman house or sent such a signed deed to his wife.
2(A). In his application for admission to the Bar, question 14.b.(1) asks for a list of all debts over $500 and question 14.c. asks for a list of all judgments entered in favor of a creditor. E.R.M.'s response to these questions was false, misleading, or lacking in candor in that he failed to reveal a judgment entered in 1988 in favor of a creditor in the amount of $400.00. E.R.M. also failed to reveal an outstanding debt to the creditor of $510.00 that was listed in his 1990 bankruptcy documents.
2(B). In an amendment to his Bar application, E.R.M. stated that he had no knowledge of any lawsuit or judgment against him by the creditor referred to in specification 2(A) and that he did not owe him any money. These statements were false, misleading, or lacking in candor. E.R.M. was aware of the lawsuit and judgment because he had discussed them with the creditor at the time they were occurring. E.R.M. also listed him as an unsecured creditor on his bankruptcy petition filed in March 1990.
3(A). E.R.M. represented a bank while practicing law in the state of New York. During this representation, E.R.M. issued a restraining order on the checking accounts of a nursing home and the receiver of the nursing home. A court granted a motion to vacate the restraining order as being improperly issued against the receiver. The court entered a judgment for the receiver in 1989, jointly and severally, against E.R.M. and the bank in the amount of $15,516.02. The client ultimately satisfied the judgment in 1990.
3(B). E.R.M. represented an estate in New York. During this representation, E.R.M. failed to provide an accounting, failed to negotiate checks, and failed to pay bills of the decedent. A grievance was filed by the executrix of the estate which resulted in a letter of admonition by the State of New York Grievance Committee for the Ninth Judicial District. The Committee found E.R.M. guilty of neglecting a legal matter entrusted to him in violation of New York's Code of Professional Responsibility. After explanation by E.R.M., the letter of admonition was changed to a letter of caution.
4. E.R.M. failed to pay a large portion of his court ordered child support payments between 1986 and 1989. This conduct resulted in the issuance of judgments against him for $36,112 in 1988 and $52,942 in 1989. The judgments remained outstanding until vacated as part of E.R.M.'s divorce judgment. In this matter, some of E.R.M.'s child support checks were also returned for insufficient funds. E.R.M. exhibited a disregard for his moral and legal obligations to his children, lack of financial responsibility, and a lack of respect for the court and legal system.
In the conclusion section of its report, the Board made the following observation:
Of particular significance to the Board is the applicant's admission, both in his Answer and in his testimony at the formal hearing, to having completely fabricated his testimony concerning the deed to the Grand Cayman house at the investigative hearing. The applicant's fabrication of this testimony at the investigative hearing convinces the Board of the applicant's lack of appreciation for the standards and ideals of the legal profession.
E.R.M. admitted several of the specifications, including that of giving false testimony about the deed to the Grand Cayman house. With respect to this matter, E.R.M. asserts that his misstatement was due to fatigue and confusion, and he points out that he corrected his misstatement in an amendment filed with the Board. He argues that the proven specifications are not disqualifying for admission *1048 to The Florida Bar, and he contends that the Board totally ignored his character witnesses.
At the outset, it is clear that there is competent and substantial evidence to support all of the Board's findings. The fact that he knowingly lied under oath at the investigatory hearing about having sent a signed deed to his wife is particularly serious. As recently noted in Florida Board of Bar Examiners re M.R.I., 623 So.2d 1178 (Fla. 1993), no qualification for membership in The Florida Bar is more important than truthfulness and candor. We agree with the Board that the proven specifications in the aggregate are sufficient to justify nonadmission to the Bar. We also find that the character evidence was insufficient to overcome E.R.M.'s improper conduct. We therefore approve the Board's findings and recommendation and deny E.R.M.'s petition for admission to The Florida Bar.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.