PER CURIAM.
C.A.M. petitions this Court for review of the recommendation of the Florida Board of Bar Examiners that her application for admission to The Florida Bar be denied. We have jurisdiction under article V, section 15 of the Florida Constitution.
C.A.M. filed an application for admission to The Florida Bar on November 1, 1991. Following a formal hearing, the Board found the following specifications to be proven:[1]
(1) C.A.M. displayed irresponsibility and a lack of respect for the law and the judicial process by (a) incurring numerous traffic violations since 1986 which led to the suspension of her license in 1990 for excessive violations within a thirty-six-month period, (b) having her license suspended on several occasions due to her failure to pay traffic fines, and (c) her operation of a motor vehicle while under the influence of alcohol.
(2)(B) C.A.M. gave a false, misleading, or less then candid response to a question on her law school application regarding the circumstances and disposition of her arrest for aggravated assault in 1988. C.A.M. did not disclose that she was arrested pursuant to a warrant charging her with aggravated assault with a tire iron. C.A.M. stated that she was arrested on an assault charge and that the charge was dropped immediately due to a mistake in identity. However, there was no mistake in identity and the State nol-prossed the charges because of the prosecutor’s con-elusion the victim lacked credibility and precipitated the crime.
(4) C.A.M. fraudulently obtained a South Carolina driver’s license in April 1990 to circumvent an anticipated suspension of her Florida driver’s license. In response to a question on the application asking whether her driving privileges had ever been revoked, C.A.M. falsely stated that they had not.
(5)(A) From April 1990 to October 1991 C.A.M. knowingly used a South Carolina license in Florida at the same time that her Florida license was suspended. This was a violation of section 322.30(1), Florida Statutes (1989).
(B) On an application for a Florida driver’s license in October 1991, C.A.M. used her married name instead of her maiden name and failed to disclose that her driver’s license had previously been suspended under her maiden name.
(6) C.A.M. submitted a check in the amount of $576 with her application for Florida’s General Bar Examination that was returned by a bank because of insufficient funds in C.A.M.’s account.
The Board found specifications (1), (2)(B), (4) and (5) to be disqualifying for C.A.M.’s admission to the Bar. The sixth specification was found to be proven but not disqualifying. The record supports the Board’s conclusion that the specifications were proven.
C.A.M.’s response on her law school application clearly displayed a lack of candor. However, specifications four and five are the most egregious. C.A.M. violated a Florida statute and falsified two applications for driver’s licenses in two different states at the age of thirty-three while she was well into her law school education. This behavior not only shows a lack of maturity but also, more importantly, a severe lack of candor for a person embarking on the practice of law. A lack of candor on the part of an applicant is intolerable and disqualifying for membership in the Bar. See, e.g., Florida Bd. of Bar *614 Examiners re 623 So.2d 1178, 1180 (Fla.1993).
C.A.M. argues that as a result of being sexually abused by her father she has developed an aggressive personality. This aggression, she states, has led to her lack of control when she drives and her extremely poor driving record. C.A.M. is currently undergoing therapy for this problem. However, she presented no medical evidence to support her position, and she admitted during her formal hearing that the connection between her poor driving record and the abuse was not a confirmed hypothesis. In addition, she recognized that her experience as a child was not an excuse for her dishonesty and violations of the law.
On the other hand, C.AJVL’s academic prowess, remorse and honesty throughout the application process are mitigating factors. She also submits several letters of recommendation which describe her as a hard-working and honest individual. However, this mitigating evidence is insufficient to overcome the seriousness of C.A.M.’s conduct considering its recent nature. Therefore, we find that C.A.M. fails to meet the standards of fitness required of Bar applicants.
We approve the Board’s findings and recommendation and deny C.A.M.’s petition for admission to The Florida Bar.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.

. In the third specification C.A.M. was accused of giving a misleading answer relating to her arrest for aggravated assault on her bar application. Specification 2(A) alleges that C.A.M. gave a false response to a question on her law school application. The Board found that both of these specifications were not proven.