PER CURIAM.
M.C.A. asks this Court to review the recommendation of the Florida Board of Bar Examiners that she not be admitted to The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
M.C.A. filed an application for admission to The Florida Bar on April 30,1992. With her admission application, M.C.A. also submitted a two-page statement and a five-page stipulation of agreement, revealing to the Board an incident in which she was accused of cheating and was suspended from Seton Hall University Law School.
The incident involved charges that M.C.A. submitted a second blue book for grading which she had neither prepared nor turned in to the proctor during the time allotted for the examination. An investigation conducted by a Seton Hall associate dean concluded that M.C.A. had not left the blue book in the exam room at the end of the exam, had not prepared the book during the exam period, and had engaged in a plan to cheat. M.C.A. appealed the dean’s decision to the faculty Probation and Grievance Committee, which upheld the dean’s findings. Ultimately, M.C.A. and the university entered into a settlement agreement to “amicably resolve the issues.” The agreement provided that: M.C.A. would receive an F for the class in question, be suspended from law school for two semesters, seek psychiatric treatment during the suspension, and could seek readmission to the law school; the law school was released from any claims that M.C.A. might have in connection with the incident; M.C.A. did not admit any wrong doing or liability[1] and the university made no admission of liability and did not concede the merit of any claims.
M.C.A. was readmitted to Seton Hall University Law School and received her juris doctorate degree on June 6, 1992. She successfully completed Florida’s General Bar Examination in February 1993 and the MPRE in November 1992. M.C.A. disclosed *35 the same information regarding the cheating incident in her application for admission to The New Jersey Bar. Although the New Jersey Bar Committee on Character accepted the Seton Hall dean’s findings as to M.C.A.’s guilt, they still unanimously recommended her admission and she was subsequently admitted to the New Jersey Bar.
Following an investigative hearing and formal hearing, the Florida Board of Bar Examiners found the following specifications to be proven: (1) that M.C.A. cheated on an examination at law school and was sanctioned by receiving an “F” in that class and being dismissed from law school; (2) that M.C.A. gave responses that were false, misleading, or lacking in candor on her bar application in that she admitted being accused of cheating but denied having cheated; and (3) that M.C.A. gave testimony to the Board that was false, misleading, or lacking in candor in that she denied the findings of Seton Hall’s dean who investigated the cheating incident.
The Board concluded that the proven allegations of the specifications are individually or collectively disqualifying for admission to the Bar. The Board further concluded that M.C.A. failed to produce evidence of her rehabilitation at the formal hearing and recommended that she not be admitted. M.C.A. has petitioned this Court for review, arguing that she should not be denied admission for continuing to protest her innocence. She further contends that even if this Court agrees with the Board’s findings of fact, the incident should not preclude her admission.
While we find competent, substantial evidence in the record to support the Board’s first specification against M.C.A., we do not find that specifications two and three have been proven. M.C.A. did not deny or conceal the cheating incident. There is no record evidence that M.C.A. lied or was less than candid to the Board. She admitted the incident, but maintains her innocence, which is consistent with the agreement that she entered with the university. The Board is recommending denial of admission because she steadfastly maintains that she did not cheat on the exam. However, M.C.A.’s protestations of innocence explain both her answers on the bar application and her testimony to the Board. Thus, the Board has presented M.C.A. with the ultimate Catch-22: by maintaining her innocence, M.C.A. can never meet the Board’s standard of candor.
We also disagree with the Board’s conclusion that M.C.A. not be admitted to the Bar. The cheating incident at issue occurred almost five years ago. As required by the settlement agreement, M.C.A. received treatment from a New Jersey psychiatrist. She applied and was readmitted to Seton Hall Law School, received her J.D., passed the Florida bar exam, and was admitted to the New Jersey Bar. The letters of recommendation submitted on M.C.A.’s behalf vouch for her personal character and professional ability. Several of her professors wrote that the cheating incident was totally out of character for M.C.A. and that they did not believe that she had in fact cheated. A member of the faculty grievance committee stated that he voted for a one-year suspension rather than termination as recommended by the associate dean because the evidence against M.C.A. was circumstantial, because of her strong denial of the charges, and because, even if true, the conduct was “an isolated incident of aberrational conduct.”
In light of her overall record, we find that M.C.A. has demonstrated her present fitness to enter the practice of law and grant her petition for admission to the Bar, conditioned upon the payment of the formal hearing transcript fee and the filing of an executed Affidavit of Compliance.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. M.C.A. has consistently maintained her innocence throughout the university's investigations and the Board's hearing on this matter.