PER CURIAM.
This is a petition for review of a recommendation by the Florida Board of Bar Examiners that W.H.V.D. be denied admission to The Florida Bar. We have jurisdiction based on article V, section 15 of the Florida Constitution.
We decline to order W.H.V.D.’s admission to the Bar because we find that he has not shown sufficient rehabilitation.
W.H.V.D. graduated from law school in 1955 and was admitted to the bar in another state in 1956. He applied for admission to The Florida Bar in 1988, then passed the bar exam and the Multistate Professional Responsibility Examination that same year.
The Board recommended denying admission to the Bar to W.H.V.D. after a formal hearing in 1990 because of his conduct while he served as a trustee for a church and school stewardship fund during the mid-1970s. This conduct included making unauthorized loans while he was a trustee and engaging in unethical behavior such as conflict of interest and breach of fiduciary duty. He also demonstrated a lack of candor in dealing with the Board. The Court upheld the Board.
W.H.V.D. petitioned this Court for review based on a claim of rehabilitation in 1993. The Court ordered the Board to conduct a new character and fitness investigation to determine whether W.H.V.D. had demonstrated rehabilitation. Article III, section 4.e. of the Rules Relating to Admissions to the Bar requires an applicant such as W.H.V.D. to produce clear and convincing evidence of rehabilitation including, but not limited to, seven factors:
(1) Strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order, where applicable;
(2) Unimpeachable character and moral standing in the community;
(8) Good reputation for professional ability, where applicable;
(4) Lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial, administrative or other proceeding;
(5) Personal assurances, supported by corroborating evidence, of a desire and intention to conduct one’s self in an exemplary fashion in the future;
*387 (6) Restitution of funds or property, where applicable;
(7) Positive action showing rehabilitation by such things as a person’s occupation, religion, community or civic service. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to the bar because service to one’s community is an implied obligation of members of the bar.
In its report on rehabilitation, the Board concluded that (1) and (6) did not apply and that W.H.V.D. had established (2) and (3) by clear and convincing evidence. The Board found, however, that W.H.V.D. had not established (4), (5), and (7) by clear and convincing evidence and recommended that he be denied admission to the Bar.
We agree with the Board’s report. We discuss only those factors where the Board found no clear and convincing evidence.
As for (4), concerning lack of malice and ill feeling toward the Board, W.H.V.D. testified that he had not been ill-treated by the Board. Testimony from his character witnesses reflected that W.H.V.D. had not discussed his feelings about the Board with others. Such corroboration would be important, particularly where an applicant’s statements could appear self-serving.
W.H.V.D. also said he took a continuing legal education course on ethics after his formal hearing in 1990, but said he was “aghast that they [the Board] had questioned my ethics, I really was.” Based on the lack of corroborating evidence and the admission of shock in response to the Board’s questioning of his ethics, the Board found that W.H.V.D. did not produce clear and convincing evidence of a lack of ill feeling toward the Board. We agree.
The Board also found that W.H.V.D. failed to produce clear and convincing evidence of (5), which concerns assurances that an applicant will conduct himself in an exemplary fashion in the future. The Board was not convinced that W.H.V.D. appreciated his past misconduct because of his testimony that he was “aghast” that the Board would question his ethics and because of his recent conduct during a lawsuit he brought against a local business. During that litigation, W.H.V.D. abruptly ended a deposition after less than twenty-five minutes because he thought opposing counsel was behaving contentiously. He also walked out of a second deposition. In addition, this exchange occurred during a deposition:
W.H.V.D.: Well, let him decide that. He’s twenty-one and can tell if he’s confused. He doesn’t need to know — I’m not going to put up with this with you, I’ll tell you that right now. You’re going to have a — You’re going to have a hard row on this deal. OPPOSING COUNSEL: You’ve made that clear.
W.H.V.D.: You better believe it. You better believe it. He’s either going to give me some money or he’s going to give you some money. That’s where we’re going.
The Board found that this behavior reaffirmed its view that W.H.V.D. has acted — and continues to act — in a brash, overbearing, or impulsive manner. The Board said it was not convinced that W.H.V.D. appreciated the standards and ideals of the legal profession.
W.H.V.D. argues that he has admitted his erroneous behavior in regard to the deposition and that the Board is now trying to use his candor against him. He argues that if lawyers were kept from the Bar because of such behavior, there would not be many lawyers in Florida.
We have recognized that there are differing standards for admission to the Bar and for Bar disciplinary proceedings. In re Florida Bd. of Bar Examiners, 373 So.2d 890, 892 (Fla.1979); In re Florida Bd. of Bar Examiners, 358 So.2d 7, 9-10 n. 1 (Fla.1978). The rule concerning character and fitness requirements says that no one shall be recommended for admission to the Bar:
[U]nless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession *388 and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney.
Fla.Bar.Admiss.R., art. Ill, § 2.a.
We agree with the Board that W.H.V.D. does not fully appreciate either the seriousness of his past behavior or the consequences of his present behavior, including his expression of disbelief that the Board would question his ethics. His actions during the deposition also reflect our concerns, and he presented no corroboration that he wants to conduct his life in an exemplary fashion. Thus, we find that W.H.V.D. has not shown (5) by clear and convincing evidence.
The Board also found that W.H.V.D. failed to produce clear and convincing evidence of positive action showing rehabilitation, as (7) requires. Some of W.H.V.D.’s laudable activities — such as opening his home twice to migrants in need — occurred before his formal hearing in 1990. The Board also found that W.H.V.D. has done well in his job, but that he has not made any contributions beyond those of similarly situated employees.
W.H.V.D. points out that the Board counsel argued at his hearing that he had proven rehabilitation and there is nothing further he can show. His lawyer now says that:
[W.H.V.D.’s] sins of the past which occurred some twenty years ago in the mid ’70s are no longer relevant to the issue of his admission [to] the Bar particularly in light of his intended legal career.
Despite his argument at the rehabilitation hearing, the Board’s counsel now says that the Board properly determined that positive contributions before W.H.V.D.’s denial of admission to the Bar in 1990 do not demonstrate rehabilitation. We agree.
Article III, section 4.e.(7) requires an applicant such as W.H.V.D. to show rehabilitation beyond “living as and doing those things he or she should have done throughout life.” In evaluating an applicant’s showing of rehabilitation, we cannot disregard the nature of past misconduct. We also note that W.H.V.D. now works for the state and is a paid pastor. He says he wants to work for the state as a lawyer and has no desire to establish a private law practice. Holding a job, but failing to take extra steps to show rehabilitation since he was denied admission to the Bar in 1990, does not satisfy (7).[1]
We have held in bar discipline cases that a petitioner seeking reinstatement “bears the heavy burden of establishing rehabilitation.” Florida Bar v. Janssen, 643 So.2d 1065, 1066 (Fla.1994). Similarly, an applicant who has been denied admission to the Bar also bears this burden. See Fla. Bar Admiss.R., art. III, § 4.e. (applicant “shall be required to produce clear and convincing evidence of ... rehabilitation”). On reviewing the record and the Board’s report, we find that W.H.V.D. has failed to meet this burden. Thus, we deny his admission to the Bar.
Our holding does not, as W.H.V.D. argues, erect a permanent bar to admission. On a showing of rehabilitation, W.H.V.D. may reapply for admission after two years from the date of the Board’s adverse recommendation. See Florida Bd. of Bar Examiners re C.W.G., 617 So.2d 303, 305 (Fla.1993).
We also agree with the Board’s recommendation that if W.H.V.D. demonstrates rehabilitation, his admission should be contingent on retaking the bar exam. This would ensure W.H.V.D.’s technical competence because he last passed the bar exam in 1988 and has recently been employed outside the practice of law.
Accordingly, we deny Bar admission to W.H.V.D. at this time.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
*389 SHAW, J., concurs in result only.
KOGAN and ANSTEAD, JJ., dissent.

. In its report on rehabilitation, the Board said it would view favorably activities such as counseling or teaching law students and young lawyers on ethical considerations. W.H.V.D. says he could not counsel or teach because he lives in a rural county that is not near a law school and that has few young lawyers. We do not think the Board's report should be interpreted to mean that involvement with law students and young lawyers is the only way W.H.V.D. could have established rehabilitation. We read the report as offering suggestions, and we are confident that there are other ways W.H.V.D. can demonstrate positive action showing rehabilitation — regardless of the size of his community.