PER CURIAM.
J.J.J. asks this Court to review the recommendations of the Florida Board of Bar Examiners that he not be admitted to The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
Following a formal hearing, the Board found the following specifications to be proven: 1) J.J.J. was convicted of seven felony counts involving conspiracy to defraud the government, aiding and abetting the evasion of federal income taxes and the filing of a false income tax return, attempting to evade his own income taxes, and filing false income tax returns for two years and was sentenced to three years in federal prison and fined $10,000;[1] 2) J.J.J. had a federal tax deficiency of approximately $120,000; 3) J.J.J. was suspended from another state bar for almost three years because of his felony convictions; and 4) During the time that J.J.J. practiced *545 law in that state, a number of requests for investigation were filed against him. The Board did not find Specifications 3 or 4 to be disqualifying for admission to the Bar, but found Specifications 1 and 2 to be individually disqualifying. The Board also found that the evidence presented by J.J.J. at the formal hearing, which included the testimony of character witnesses, favorable character letters, and his own testimony, failed to mitigate the seriousness of the disqualifying specifications or to establish his rehabilitation by clear and convincing evidence. The Board recommended that J.J.J. not be admitted to The Florida Bar.
The record supports the Board’s findings of fact and conclusions of law regarding the proven specifications. In fact, J.J.J. admitted the underlying facts regarding his convictions, tax debt, and suspension from the practice of law. The crux of J.J.J.’s argument is that the record does not support the Board’s conclusion that he failed to prove his rehabilitation from this disqualifying misconduct by clear and convincing evidence.
Article III, section 4.e of the Rules Relating to Admissions to the Bar provides that an applicant who asserts rehabilitation from pri- or conduct which bears adversely on the applicant’s character and fitness for admission to the Bar has the burden of proving the following elements by clear and convincing evidence: strict compliance with any disciplinary or judicial order; unimpeachable character and moral standing in the community; good reputation for professional ability; lack of malice and ill feeling toward those who conducted the disciplinary or judicial proceeding; personal assurances supported by corroborating evidence of a desire and intention to conduct one’s self in an exemplary fashion in the future; restitution of funds and property; and positive action showing rehabilitation. While the record reveals evidence as to the first six elements, the positive action element appears to be the sticking point in this case.
On reviewing the record and the Board’s report, we find that J.J.J. has failed to sufficiently document his positive action for purposes of proving rehabilitation. Several of the character witnesses referred to J.J.J.’s “community involvement” in general terms, but could not detail the nature of his aetivities. J.J.J. admitted that his participation in a local service organization was “sporadic.” While we agree with J.J.J. that his active participation in his local bar association and his pro bono legal service constitute positive action as required by article III, section 4.e.(7), we do not agree that these activities prove sufficient rehabilitation from his previous egregious misconduct. The proven allegations establish that J.J.J. knowingly engaged in unprofessional and criminal conduct during an extended period of time. At the time of his illegal behavior, J.J.J. had been a practicing attorney for a number of years and had served as a special agent for the Federal Bureau of Investigation and as chief trial prosecutor of his county.
Our holding does not, however, erect a permanent bar to admission. J.J.J. can file a petition with this Court in February 1997 in an attempt to show sufficient rehabilitation to warrant his admission. See Fla.Bar Ad-miss.R., art. Ill, § 4.d.
Accordingly, we approve the Board’s recommendation and deny J.J.J.’s petition for admission to The Florida Bar at this time.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in result only.

. The felony convictions contained in Specification 1 stemmed from a money laundering scheme. J.J.J. would receive large sums of money from a client who was engaged in a marijuana business, place the money in his trust account, and later turn that cash into assets which were turned over to the client or to businesses that the client controlled.