PER CURIAM.
Petitioner J.A.B. asks this Court to review the recommendations of the Florida Board of Bar Examiners. We have jurisdiction. Art. V, § 15, Fla. Const.
J.A.B. filed an application for admission to The Florida Bar on May 21, 1997. On September 1, 1998, the Florida Board of Bar Examiners filed formal specifications against him alleging several items of misconduct. Specification 1(A) alleged that J.A.B. failed to timely and fully pay court-ordered child support for his daughter. Specifications 1(B) and 1(C) alleged that he also failed to maintain health insurance for his daughter and life insurance for her benefit as required by the court order. Specification 2 alleged several instances of financial irresponsibility on J.A.B.’s part since his bankruptcy in September of 1990. Specification 2(A) alleged that J.A.B. had a default judgment entered against him which remained unsatisfied as of his investigative hearing in April 1998. Specification 2(B) alleged that J.A.B. issued a worthless check in May of 1994 and attended a diversion program to avoid criminal prosecution. Specification 2(C) alleged that J.A.B. defaulted on a student loan in January of 1995 and subsequently satisfied the debt on January 31, 1996. Specifica *519 tion 2(D) alleged that J.A.B. incurred an unnecessary and inordinate expense by voluntarily participating in a foreign study program in the summer of 1995. Specification 2(E) alleged that J.A.B. was delinquent in an account for a health club membership begun in October 1995 and, as of December 1997, owed approximately $850. Specification 2(F) alleged that from 1995 to August 1997, J.A.B. did not maintain a checking account due to past problems with writing worthless checks and that he failed to maintain proper records for his current checking account opened in August 1997, as evidenced by a negative balance during October 1997. Specification 2(G) alleged that J.A.B. incurred an extravagant expense for transportation by currently leasing a Mazda Miata for $340 per month. Specification 3 alleged that an answer on J.A.B.’s law school application, which failed to disclose a 1989 charge of simple assault and a 1994 charge of passing a worthless check, was false and misleading.
After the formal hearing, the Board found Specification 1(A) proven, but did not find a specific amount of child support owed. The Board also found 1(B) and 1(C) proven and found that, at the time of the hearing, J.A.B. was still not in compliance with the life insurance requirement of the child support order. The Board found all portions of Specification 2 proven, and further found that J.A.B. has continued to handle his checking account in an irresponsible manner as evidenced by additional worthless checks written as recently as one month prior to his formal hearing. As to Specification 3, the Board found that J.A.B.’s response on the application was false and that the charges should have been disclosed but that the evidence was insufficient to establish any intentional concealment on J.A.B.’s part. The Board found Specifications 1 and 2 each individually disqualifying and found Specification 3 proven but not disqualifying. Additionally, the Board found that J.A.B.’s misrepresentations and lack of candor in-his answer to the specifications and during his -formal hearing testimony were further grounds for disqualification. Accordingly, the Board recommended that J.A.B. not be admitted to The Florida Bar at this time.

I. The Board’s Findings of Fact.

The only issue raised by J.A.B. as to the Board’s findings of fact relates to Specification 1(A). J.A.B. admits, that he failed to fully comply with the child support order but contends that the Board erroneously relied on the testimony of his ex-wife to find that he owed back child support payments. We disagree.
As to this issue, the Board heard testimony from J.A.B., three witnesses who testified for J.A.B. regarding alleged cash child support payments made by him, and J.A.B’s ex-wife. In the findings of fact with regard to specification 1(A), the Board painstakingly recounted this testimony and carefully explained its evaluation of the credibility of these various witnesses. Despite being practicing attorneys, none of J.A.B.’s witnesses offered any written documentation, and their credibility was diminished by their equivocating and uncertain recollection of material matters. As to J.A.B., the Board noted that he was shown to be untruthful or less than candid as to several representations he made during his formal hearing. In addition, although not specifically mentioned by the Board, J.A.B. agreed at his investigative hearing to provide documentation of his child support payments, but at the formal hearing he was able to produce only four canceled checks, five money orders, and copies of a few receipts. One of the cheeks was for $1000, but J.A.B. failed to clarify that the amount included only $200 towards child support. J.A.B. also gave varying explanations for his lack of documentation. As to J.A.B.’s 'ex-wife, the Board noted she testified that She compiled her information from records that she has maintained and even J.A.B. agreed that she was “a meticulous individual.” The Board further stated that upon com *520 paring her accounting of child support payments with receipts furnished by J.A.B., the accuracy of some of her information could be verified.
Clearly J.A.B.’s challenge to the Board’s findings is simply a question of credibility, which is a question the Board was in the best position to answer and did very thoughtfully answer. Accordingly, we conclude that the Board’s finding that J.A.B. owed back child support is supported by competent substantial evidence and must be affirmed. See Florida Bd. of Bar Examiners re G.J.G., 709 So.2d 1377,1879-80 (Fla.l998)(deferring to Board’s findings based upon credibility of witnesses); Florida Bd. of Bar Examiners re M.R.I., 623 So.2d 1178, 1180 (Fla.1993) (upholding finding as supported by competent substantial evidence where issue turned on credibility of witnesses).

II. The Board’s Recommendation as to Admission.

We agree with the Board’s recommendation and find that the proven instances of J.A.B.’s misconduct are sufficient in the aggregate to support denial of admission to the bar at this time. J.A.B.’s violation of the child support order, not only by failing to fully pay the child support owed but also by failing to obtain the required insurance coverage, shows a lack of respect for the rights of his daughter, the rights of his ex-wife, and a further lack of respect for the law and for the court order itself. Cf. Florida Bd. of Bar Examiners re M.A.R., 755 So.2d 89 (Fla.2000); Florida Bd. of Bar Examiners re E.R.M., 630 So.2d 1046 (Fla.1994). We refuse to overturn the findings supported by substantial evidence and order that this individual be granted the privilege of a position which demands respect for the law and judicial institutions when by conduct he has rejected such responsibility.
In addition, J.A.B.’s conduct with regard to his finances as alleged and proven in Specification 2 raises very serious doubts as to his respect for the rights of others and for the law. He has ignored a default judgment entered against him, and this judgment remained unsatisfied as of his investigative hearing in April 1998. He obligated himself to pay for a health club membership which he admits he could not afford, and he voluntarily participated in a foreign study program instead of working during available time, while at the same time failing to comply with the child support order. He issued a worthless check in May of 1994 and continued to issue two other worthless checks, even after graduating from law school and securing permanent employment. Each of these instances of financial irresponsibility standing alone may have been subject to reasonable explanation; however, we find that when considered together and with his violation of the court-ordered child support obligations, these events show a total lack of respect for the rights of others and a total lack of respect for the legal system, which is absolutely inconsistent with the character and fitness qualities required of those seeking to be afforded the highest position of trust and confidence recognized by our system of law. Accordingly, we approve the Board’s recommendation that J.A.B. not be admitted to The Florida Bar at this time.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.