770 So.2d 670 (2000)
FLORIDA BOARD OF BAR EXAMINERS re JOHN DOE.[1]
No. SC96664.
Supreme Court of Florida.
November 2, 2000.
*671 Robert A. McNeely of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, Florida, for Petitioner.
Randall W. Hanna, Chair, Kathryn E. Ressel, Executive Director, and Thomas A. Pobjecky, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida, for Respondent.
*672 PER CURIAM.
Petitioner Doe asks this Court to review the recommendation of the Florida Board of Bar Examiners that his admission to The Florida Bar be denied. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed below, we approve the Board's recommendation that Doe not be admitted at this time.

FACTS
On November 15, 1997, Doe filed an application for admission to The Florida Bar. During the course of the Florida Board of Bar Examiners' character and fitness investigation, certain items of information reflecting adversely on Doe's character and fitness were discovered. After an investigative hearing, the Board filed several specifications against Doe. The first specification alleged that in March 1990, Doe reapplied to for admission to a law school after being academically excluded for failing two courses there earlier. Doe certified that all information in the application was accurate. One item on the application asked "Are there any criminal charges pending or expected to be brought against you?" to which Doe responded "no." This answer was false because Doe had a battery charge pending against him at that time. This charge was not dismissed until January 7, 1991.
Specification 2(a) alleged that in his application to The Florida Bar, Doe also falsely denied ever being "accused of a violation of an honor code or student conduct code, warned, placed on scholastic or disciplinary probation, suspended, requested or advised to discontinue your studies, dropped, expelled or requested to resign." On February 8, 1990, the Chair of the Academic Standing Committee at the law school Doe attended notified him by letter that he was academically excluded from further law studies based upon Doe's failing grades in two courses taken during fall 1989. Specification 2(b) alleged that Doe also answered this question falsely because in 1993, a female student accused Doe of violating his law school's Honor Code.[2] Specification 2(c) alleged that in a 1998 amendment to his Bar application, Doe falsely stated that he voluntarily withdrew from law school in 1989 due to health problems, when in fact the Chair of the Academic Standing Committee of the law school notified Doe by letter that he was academically excluded from further studies. Specification 3 alleged that Doe also testified falsely at the investigative hearing to the effect that officials at the law school only suggested that he withdraw from school, when he had in fact been academically excluded.
In his answer to Specification 1, Doe admitted the factual averments, but denied that they lacked candor. Doe stated that he honestly believed that "his criminal case had been, or was about to be, dismissed." In his answer to Specifications 2(a), 2(c) and 3 regarding his academic exclusion from law school, Doe denied that he lacked candor in his bar application, in his amendments, or at the investigative hearing. As to Specification 2(b), Doe admitted that he wrongfully failed to report the honor code violation accusation filed against him.
In its report, the Board found all specifications proven. In finding Specifications 1, 2(a), 2(c) and 3 proven, the Board noted that a conflict existed between Doe's position and the circumstantial evidence surrounding his misconduct. The Board concluded that the circumstantial evidence of Doe's guilt was reasonable and substantial, and "the applicant's formal hearing testimony as to the disputed allegations was not credible."
The Board found that the proven Specifications were collectively disqualifying in that they "establish that [Doe] has been untruthful and has displayed a lack of candor in his dealings with others, especially the Board. The omission and lack of candor *673 alleged in Specifications 2 and 3 are of particular concern in that the applicant was a law school graduate and a member of a [bar of a different jurisdiction] at the time of those allegations." The Board stated that Doe did not raise rehabilitation as an affirmative defense and, if Doe had intended to raise rehabilitation, the formal hearing presentation was "insufficient to establish such defense by clear and convincing evidence."
The Board recommended that Doe not be admitted to The Florida Bar at this time. However, the Board stated that it would recommend Doe's admission to the Bar in two years without further proceedings before the Board so long as he demonstrates his compliance with the elements of rehabilitation set forth in Florida Bar Admission Rule 3-13 and there are no disclosures of matters adversely reflecting upon his character and fitness during this period. As part of Doe's demonstration of rehabilitation, the Board noted that Doe must (1) attend The Florida Bar's ethics school, (2) submit an essay to the Board on the importance of candor for lawyers, and (3) submit a sworn report to the Board detailing his efforts at rehabilitation with particular emphasis on his candor and truthfulness in his dealings with others since his formal hearing.
Doe now seeks review of the Board's recommendation, raising two challenges. First, Doe argues that the Board did not properly find that Specifications 1, 2(a), 2(c), and 3 were proven. Second, he challenges the Board's finding that, if proven, the Specifications are disqualifying.

ANALYSIS
As a preliminary matter, Doe admitted Specification 2(b) (his failure to disclose the Honor Code violation accusation), and the Board found that this specification was proven. Since Doe does not contest this finding, we find that Specification 2(b) has been proven. We now address each of Doe's challenges in turn.

A. Whether the Board properly found Specifications 1, 2(a), 2(c), and 3 proven.
This Court has held that the Board's findings of fact should be approved if they are supported by competent substantial evidence in the record. See, e.g., Florida Bd. of Bar Exam'rs re G.J.G., 709 So.2d 1377, 1379 (Fla.1998); Florida Bd. of Bar Exam'rs re M.C.A., 650 So.2d 34, 35 (Fla. 1995); Florida Bd. of Bar Exam'rs re E.R.M., 630 So.2d 1046, 1048 (Fla.1994).
As to Specification 1, Doe does not deny that his pending battery charge was not final at the time he filed his re-application to the law school from which he had been excluded. Rather, Doe argues that he assumed that the case was final, and that such an assumption was reasonable. Doe stated that he became aware that the charge had not been dismissed only after he submitted his reapplication to the school.
On the other hand, the Board found that Doe willfully concealed his pending criminal charge from the school. In reaching this finding, the Board noted that Doe wrote in his answer to Specification 1 that at the time of his reapplication he believed the charge had been, or was about to be, dismissed and that he "should have verified that his case had actually been dismissed when he filed his application." Such a statement provides competent substantial evidence that Doe lacked candor in filing his reapplication with the law school. As the Board convincingly argues in its reply brief, "[t]he simple, straightforward question on his admissions application did not allow him the option of concealing information because a pending criminal charge `was about to be dismissed.' The test of candor required disclosure. Doe failed such test." Therefore, we find Specification 1 to be proven.
As to Specifications 2(a), 2(c), and 3, Doe does not contest that he was excluded from a law school in February, 1990 for failing two courses. Rather, Doe argues *674 that he had been sick during his first semester of law school, the time during which he failed those classes. He states that the date that he voluntarily withdrew from law school for medical reasons was the same date that the Academic Standing Committee's letter excluding him from the school was sent. The letter arrived after his withdrawal and he inadvertently forgot about it. Thus, he honestly believed at the time of filing his application to the Bar, the filing of his amendments, and his testimony at the investigative hearing that he voluntarily withdrew from school.
The Court usually defers to the Board's findings on a witness's credibility because the Board has had the opportunity to observe the witness during testimony. See Florida Bd. of Bar Exam'rs re C.W.G., 617 So.2d 303, 304 (Fla.1993) (adopting Board's finding that applicant lacked candor where the "Board observed that [the applicant's] credibility, during his testimony, was lessened by his demeanor, including the manner in which he answered questions and the time he took to answer them"); Florida Bd. of Bar Exam'rs re R.D.I., 581 So.2d 27, 30 (Fla.1991) (noting that "[t]he Board did not have to believe the petitioner's version of events"). Further, the Board may find that facts are proven by circumstantial evidence where "the inference of the fact preponderates over other inferences." Id. at 29.
In the instant case, the Board found that there was a conflict between the position taken by Doe in his answers and affirmed by him during his formal hearing testimony and the circumstantial evidence supporting the allegations of the specifications. The Board determined that Doe's testimony was not credible. The Board further found that circumstantial evidence, including a letter written by Doe to the Academic Standing Committee prior to his exclusion in which he stated, "I hope that the committee will pass favorably on my petition to continue studies at ... law school," demonstrated that Doe intentionally failed to disclose his academic exclusion from the law school. Given that Doe admitted to writing the above-referenced letter to the committee, and his admission at the formal hearing that he received the committee's February 8, 1990, letter excluding him from law school, there is competent substantial evidence in the record to support the Board's finding that Doe intentionally failed to disclose his academic exclusion. Therefore, we defer to the Board and find that Specifications 2(a), 2(c), and 3 have been proven.

B. Whether the Board erred in finding that Doe's conduct was disqualifying.
Generally, in judging an applicant's character and fitness to be granted admission to the Bar, two questions must be resolved: "First, are the facts in this case such that a reasonable man would have substantial doubts about the petitioner's honesty, fairness, and respect for the rights of others and for the laws of the state and nation? Second, is the conduct involved in this case rationally connected to the petitioner's fitness to practice law?" Florida Bd. of Bar Exam'rs re G.W.L., 364 So.2d 454, 459 (Fla.1978).
In the past this Court has held that "no qualification for membership in the Florida Bar is more important than truthfulness and candor," Florida Bd. of Bar Exam'rs re E.R.M., 630 So.2d 1046, 1048 (Fla.1994), and that "[a] lack of candor on the part of an applicant is intolerable and disqualifying for membership in the Bar," Florida Bd. of Bar Exam'rs re C.A.M., 639 So.2d 612, 613 (Fla.1994).
In the instant case, each of the specifications filed against Doe alleged a lack of candor; that is, Doe (1) failed to disclose to his law school that at the time of his reapplication he had a criminal charge pending; (2) failed to disclose to the Board that he had been academically excluded from law school; and (3) failed to disclose to the Board that he had been accused of an Honor Code violation. The fact that the latter two omissions occurred *675 while Doe was a member of another state's bar seriously calls into doubt Doe's honesty. It is beyond comprehension that one encountering the fate of exclusion from law school would have a mere lapse of memory of such a traumatic event.
Nevertheless, even when an applicant has committed significant wrongful acts, this Court has admitted the applicant to the Bar if the applicant has established by clear and convincing evidence his or her rehabilitation. Evidence of rehabilitation includes, but is not limited to:
(a) strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order, where applicable;
(b) unimpeachable character and moral standing in the community;
(c) good reputation for professional ability, where applicable;
(d) lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial, administrative or other proceeding;
(e) personal assurances, supported by corroborating evidence, of a desire and intention to conduct one's self in an exemplary fashion in the future;
(f) restitution of funds or property, where applicable;
(g) positive action showing rehabilitation by such things as a person's occupation, religion, or community or civic service. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to the Bar because service to one's community is an implied obligation of members of the Bar.
Fla. Bar Admiss. R. 3-13.
Doe argues that he has established a defense of rehabilitation. At his hearing, Doe testified that he has had a spotless career as an attorney in another jurisdiction since 1993. Further, at the hearing Doe entered into evidence various affidavits attesting to his favorable work ethic. Doe also testified at his investigative hearing that he has performed pro bono work. Finally, at the hearing, Doe testified that he has been living with and supporting his disabled sister since October, 1998.
We conclude that Doe has not demonstrated adequate rehabilitation to justify his admission to the Bar. Doe fails to specify and sufficiently document the type and extent of pro bono service that he has performed. This Court has held that the mere statement of positive acts without supporting documentation is not sufficient to demonstrate clear and convincing evidence of rehabilitation. See, e.g., Florida Bd. of Bar Exam'rs re J.J.J., 682 So.2d 544 (Fla.1996); Florida Bd. of Bar Exam'rs re L.H.H., 660 So.2d 1046 (Fla. 1995). Even more damaging, however, is the fact that Doe made false statements to the Board while he was an active member of the bar of a different jurisdiction. Some of these statements were made as recently as November, 1998, at Doe's investigative hearing. Such a lack of candor in a currently practicing lawyer is a valid cause of very serious concern to any state bar, and Doe's presentation of rehabilitation is simply insufficient to mitigate his dishonesty in communicating with the Board.

CONCLUSION
In light of the foregoing, we approve the Board's recommendation that Doe be denied admission to the Bar at this time. Nevertheless, he will be eligible to reapply for admission in two years and, if he complies with the conditions in its recommendation, the Board states that it will recommend Doe for admission to the Bar at that time without further proceedings. It must be noted, however, that the requirement of proof of rehabilitation is firm and fixed. This is not a mere pro forma requirement, *676 but one requiring meaningful substance. The Board was, in our view, somewhat lenient in its recommendation and the petitioner must clearly and convincingly satisfy the rehabilitation requirements.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] John Doe is a fictitious name. We use it because we exercise our discretion to keep this file confidential as to the applicant involved.
[2] The Judicial Committee for the law school eventually entered a decision on June 15, 1993, concluding that Doe had not violated any law school rule.