PER CURIAM.
Respondent T.J.F. petitions this Court to review the recommendation of the Florida Board of Bar Examiners that her admission to The Florida Bar be denied. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed below, we approve the Board’s recommendation that T.J.F. not be admitted at this time; however, it is our view that she should be permitted to enhance her rehabilitative efforts and reapply for admission in one year.
FACTS
On April 25, 1997, T.J.F. submitted an application for admission to The Florida Bar. During the course of the Florida Board of Bar Examiners’ character and fitness investigation, certain items of information reflecting adversely on T.J.F.’s character and fitness were discovered. After an investigative hearing, the Board filed specifications against T.J.F.
Specification 1 alleged that on May 22, 1994, T.J.F. unlawfully obtained a refund *677 in the amount of $92.28 from a department store for a purse that she had not purchased. T.J.F. also unlawfully removed a $155.00 wallet from the store. In response to the charge of retail theft, T.J.F. executed a deferred prosecution agreement with the State Attorney. Upon completion of this agreement, a nolle prosse was entered on the theft charge. In her answer to Specification 1, T.J.F. admitted the allegations.
Specification 2(a) alleged that for tax years 1989, 1990 and 1991, T.J.F. exhibited a pattern of irresponsibility or lack of respect for the law or both by failing to comply with the federal income tax laws that require the timely filing of tax returns. Specification 2(b) alleged that on August 15,1995, a notice of federal tax lien was filed on all of T.J.F.’s property and rights to property for unpaid taxes for the years 1989, 1990 and 1991. At the time of her investigative hearing, T.J.F. had not made any payments to the IRS. As to Specification 2, T.J.F. admitted that she had not' filed her 1989, 1990 and 1991 tax returns in a timely fashion, but denied any irresponsibility or lack of respect for the law.
Specification 3 alleged that in a 1997 amendment to her Florida Bar application, T.J.F. falsely stated that she left a department store without realizing she was holding a wallet.[1] The Specification alleged that T.J.F. had decided to steal the wallet prior to exiting the store. As to Specification 3, T.J.F. denied that her explanation regarding the theft of the wallet was false or lacked candor.[2] Finally, T.J.F. asserted the affirmative defense of rehabilitation.
At the formal hearing, in support of her rehabilitation, T.J.F. submitted into evidence documents concerning her communication with the IRS and the Board, an affidavit of her mother attesting to T.J.F.’s financial difficulty from 1994 to 1997, and the character deposition of a law professor who stated his belief that T.J.F. would be a competent and skillful attorney.
The Board found that Specifications 1, 2 and 3 had been proven. In finding that T.J.F. lacked candor in her amendment, the Board noted that even if T.J.F. had not formed an intent to steal the wallet until she left the store, she should have clarified this fact in her amendment, rather than simply stating that she walked out of the store without realizing that she was holding the wallet. Further, the Board concluded that circumstantial evidence demonstrated that T.J.F. did form an intent to steal the wallet prior to leaving the store, and that T.J.F.’s testimony at the formal hearing was “unreasonable and unworthy of belief.”
The Board found that Specifications 1 and 2 were collectively disqualifying and that Specification 3 was individually disqualifying. The Board noted that Specification 3 was especially serious because “truthfulness and candor are essential attributes for all individuals seeking to practice law in Florida.”
The Board found that T.J.F.’s formal hearing presentation did not establish the defense of rehabilitation. Further, the Board concluded that the evidence presented by T.J.F. failed to “mitigate the seriousness of any of the proven allegations” and “was insufficient to establish her rehabilitation by clear and convincing evidence.” The Board ultimately recommended that T.J.F. not be admitted to The Florida Bar.
T.J.F. seeks review of the Board’s recommendation. Among other challenges, she argues that Specification 3 (lack of candor in her amendment) was not proven *678 and that, even if proven, the specifications should not disqualify her from membership in The Florida Bar in light of her rehabilitation.
ANALYSIS
On a preliminary note, T.J.F. admitted Specification 1 (alleging the illegal return of the purse and the theft of the wallet). Since this conclusion is not contested, we find that Specification 1 has been proven.
In challenging Specification 3, T.J.F. argues that her amendment was not misleading. In addition to getting the refund for a purse that she had not purchased, her amendment provided:
I also took a wallet which was in my hand when I walked out of the store. I was not aware that I still had the wallet, I can only conclude that I was so nervous at what I had done that I tried to leave the store without realizing that I was still holding onto the wallet.
In her amendment, T.J.F. states that she “took” a wallet; she does not state that she “stole” a wallet. As written, T.J.F.’s amendment gives the impression that she accidentally walked out of the store with the wallet but never had any intent to steal it. Predicated upon T.J.F.’s later admission that she decided to steal the wallet after exiting the store, regardless of when she formed her intent, her failure to mention her decision to steal the wallet in her amendment constitutes a misrepresentation to the Board. Therefore, we find that Specification 3 is proven.
We next must determine whether the proven Specifications are disqualifying for admission to the Bar. Generally, in judging an applicant’s character and fitness, the standard in determining whether certain items of misconduct are disqualifying is whether the misconduct creates “substantial doubts about [the applicant’s] honesty, fairness, and respect for the rights of others and for the laws of the state and nation.” Florida Bd. of Bar Exam’rs re G.J.G., 709 So.2d 1377, 1381 (Fla.1998).
We find that Specifications 1 and 3 are sufficient to deny T.J.F. admission to the Bar at this time.[3] At the age of 33, T.J.F. engaged in two acts of theft by unlawfully obtaining a refund for a purse, and stealing a wallet. These acts call into doubt T.J.F.’s honesty and respect for the laws of the State of Florida and the nation. Given T.J.F.’s age at the time of these offenses, the Board correctly states that “[s]uch behavior cannot be excused as a youthful indiscretion.” Further, T.J.F.’s lack of candor in her communications with the Board is an especially serious violation because under current case law, the making of false statements to the Board merits disqualification from the Bar. See Florida Bd. of Bar Exam’rs re C.A.M., 639 So.2d 612, 613 (Fla.1994) (holding that “[a] lack of candor on the part of an applicant is intolerable and disqualifying for membership in the Bar”).
T.J.F. argues that she should not be disqualified from the Bar because she has demonstrated rehabilitation. To establish her defense, T.J.F. presented the following evidence at her hearing: (a) a resume; (b) documents concerning her dealings with the IRS and the Board; (c) an affidavit from her mother explaining T.J.F.’s financial difficulties from 1994 until 1997; and (d) the deposition of a law professor who expressed his belief that T.J.F. would be a competent and skillful attorney. However, we conclude that this evidence simply does not demonstrate T.J.F. has taken sufficient action to make herself a better candidate for becoming a lawyer and her presentation of evidence does not provide clear and convincing evidence of her rehabilitation. See generally Fla. Bar Admiss. R. 3-13(g) (stating that rehabilitation requires “posi *679 tive action showing rehabilitation by such things as a person’s occupation, religion, community or civic service [and that] merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society”). Additionally, competence and skill are not the issues with which the Board was concerned.
CONCLUSION
Therefore, we approve the Board’s recommendation that T.J.F. not be admitted to The Florida Bar at this time; however, she is provided an opportunity to engage in positive action showing rehabilitation and shall be permitted to apply for readmission one year after the date this decision becomes final.
It is so ordered.
' WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ„ concur.

. T.J.F. was charged with theft of the wallet. See Specification 1.

. A fourth specification was alleged, that during T.J.F.'s investigative hearing and in subsequent correspondence with the Board, she had been unwilling to accept any responsibility for the untimely filing of her 1989, 1990 and 1991 tax returns. However, the Board ultimately found that this specification was not proven.

. Therefore, we decline to address the Board’s conclusions regarding Specifications 2(a) and 2(b).